O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| FELISA DEE RICHARDS,<br><br>          Plaintiff,<br><br>      v.<br><br>GREGORY FUNDING LLC; AFFINIA DEFAULT SERVICES, LLC; AJAX MORTGAGE LOAN TRUST 2018-G; WELLS FARGO BANK, N.A.; PALADAR CAPITAL INVESTMENTS, LP; and DOES 1-20,<br><br>          Defendants. | Case № 2:22-cv-00181-ODW (GJSx)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND [31] AND MOTION TO REMAND [33]; AND DENYING MOTIONS TO DISMISS [13][27]** |

## I.    INTRODUCTION & BACKGROUND

On November 17, 2020, Plaintiff Felisa Dee Richards filed a complaint in California Superior Court asserting fourteen state law causes of action against Defendants Gregory Funding LLC ("Gregory"); Affinia Default Services, LLC; Ajax Mortgage Loan Trust 2018-G, Mortgage-Backed Securities, Series 2018-G, by U.S. Bank National Association, as Indenture Trustee ("Ajax"); Wells Fargo Bank, N.A. ("Wells Fargo" or "WF"); and Paladar Capital Investments, LP ("Paladar"). (*See* Notice of Removal ("NOR") ¶ 1, ECF No. 1.) Wells Fargo, Ajax, and Gregory demurred and, after several court continuances, Richards filed the operative First

Amended Complaint ("FAC").  (*See* WF Opp'n Remand 4, ECF No. 38.)  In the FAC, Richards asserts twenty-two state law claims and one federal claim arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  (NOR Ex. A ("FAC") ¶¶ 570–73, ECF No. 1-4.)  On the basis of federal question jurisdiction over the new FDCPA claim, Wells Fargo removed the action to this Court.  (*See* NOR ¶ 7.)

Now, Wells Fargo, Ajax, and Gregory move to dismiss Richards's FAC based on principles of preclusion and failure to state a claim.[1]  (*See* WF Mot. Dismiss, ECF No. 27; Ajax Mot. Dismiss, ECF No. 13.)  Richards moves to amend the FAC to dismiss the FDCPA claim, (Mot. Am., ECF No. 31), and moves to remand the case to state court, (Mot. Remand, ECF No. 33).  The Court deemed these matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Motion for Leave to Amend and Motion to Remand are **GRANTED**, and the Motions to Dismiss are **DENIED**.

## II.  DISCUSSION

Richards's motions to amend and remand concern threshold jurisdictional issues.  The Court therefore addresses these two motions first before considering Defendants' motions to dismiss.

### A.  Motion to Amend

Richards seeks leave to amend the FAC to dismiss the FDCPA claim without prejudice.  Federal Rule of Civil Procedure ("Rule") 15 governs leave to amend when, as here, a plaintiff seeks to dismiss some but not all of her claims.  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005).  Under Rule 15, a party who has amended a pleading once as a matter of course may only further amend with the opposing party's consent or the court's leave.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In

---

[1] Paladar also moved to dismiss, but the Court struck the motion for procedural noncompliance and Paladar did not refile.  (*See* Order Striking Mot., ECF No. 29.)

the Ninth Circuit, this policy is applied with "extreme liberality." *Eminence Cap.*, 316 F.3d at 1051. District courts exercise discretion in deciding whether to grant leave to amend, considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

Regarding bad faith, the Ninth Circuit has found that a plaintiff's "decision to plead both state and federal claims in state court and to dismiss the federal claims after removal" may be "a straight-forward tactical decision," and not necessarily "manipulative." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 489, 491 (9th Cir. 1995); *see also Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013) (collecting cases granting motions to amend and remanding after plaintiff dismissed federal claims). Here, the Court cannot find on this record that Richards's motion for leave to amend is brought in bad faith.

Next, in this case, any delay or prejudice to Defendants is self-inflicted, as "[t]he defendant is not obligated to remove; rather, [it] has the choice either to submit to state court resolution of [its] claims, or to assert [its] right to a federal forum." *Baddie*, 64 F.3d at 491. Defendants elected to remove the case to federal court and risk that federal jurisdiction might be lost rather than pursue resolution in state court. Thus, any delay or prejudice to Defendants from dismissal of the FDCPA claim does not weigh against permitting amendment. Furthermore, Defendants have not shown that the possibility of Richards reasserting the FDCPA claim is the type of "prejudice to the opposing party" that precludes granting leave to amend to dismiss the claim now. *Cf. Mechmetals Corp. v. Telex Comput. Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983).

Finally, the Court does not find the requested amendment futile, as it eliminates the FDCPA cause of action from the case and does not alter the remaining claims.

On balance, the Court finds the above factors favor leave to amend. Accordingly, the Court **GRANTS** Richards's motion for leave to amend and dismisses the twenty-second claim for violation of the FDCPA without prejudice.

**B.     Motion to Remand**

"A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (internal quotation marks omitted); 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims . . . .").

The FDCPA claim provided the only basis for original jurisdiction in this case. (*See* NOR ¶¶ 7–8.) Ajax nevertheless argues that many of Richards's state law claims provide original jurisdiction because they involve substantial federal questions. (Ajax Opp'n Remand 4–7, ECF No. 37.) "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *See Gunn v. Minton*, 568 U.S. 251, 258 (2013). Defendants did not raise substantial federal question as a basis for subject matter jurisdiction in the Notice of Removal and, in any event, Ajax fails to establish it as a basis for original jurisdiction now.

As the only claim supporting original federal jurisdiction has been dismissed, and in consideration of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over the remaining twenty-two state law

claims.  *See Wade*, 87 F.3d at 1101.  Richards's motion to remand is therefore **GRANTED**.

### III.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Richards's Motion to Amend (ECF No. 31) and Motion to Remand (ECF No. 33).  The Court **REMANDS** this case to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012, Case No. 20STCV43833.  The Court therefore does not reach the pending Motions to Dismiss and **DENIES** them **without prejudice** as moot.  (ECF Nos. 13, 27.)

**IT IS SO ORDERED.**

March 4, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**